WILLIAM A. H. HOWLAND v. AMBER JUSTIZ STITZER, Now REMARRIED
   AND KNOWN AS MRS. SHERMAN HAWES, JR., AND FIRST NATIONAL
   BANK AND TRUST COMPANY IN ASHEVILLE, NORTH CAROLINA,
   A CORPORATION.

(Filed 21 September, 1955.)

APPEAL by the plaintiff and the defendant First National Bank and
Trust Company in Asheville, North Carolina, from *Nettles, J.,* January
Term, 1955, of BUNCOMBE.

This is an action which was instituted in the Superior Court of Bun-
combe County, North Carolina, on 24 January, 1952, for the purpose
of having the court declare the separation agreement entered into by
and between the plaintiff and the defendant Mrs. Sherman Hawes, Jr.
(formerly Mrs. Howland), on 2 April, 1947, null and void.

A previous action involving the same agreement was dismissed by this
Court at the Spring Term, 1950. See 231 N.C. 528, 58 S.E. 2d 104. An
appeal in the present action was heard at the Fall Term, 1952, and the
opinion of the Court on that appeal is reported in 236 N.C. 230, 72 S.E.
2d 583. The case was again appealed to this Court at the Fall Term,
1954, and the opinion disposing of the appeal is reported in 240 N.C.
689, 84 S.E. 2d 167.

When this cause came on for hearing at the January Term, 1955, in
the Superior Court of Buncombe County, the defendant Amber Justiz
Stitzer, now Mrs. Sherman Hawes, Jr., moved for judgment on the
pleadings. The motion was allowed, and from the judgment entered the
plaintiff and the corporate defendant appeal, assigning error.

*William J. Cocke for plaintiff, appellant.*
*Adams & Adams for defendant, appellant.*
*David H. Armstrong for defendant, appellee.*

PER CURIAM. The judgment entered in the court below is in accord
with the opinion of this Court handed down at the Fall Term, 1954,
referred to above. Furthermore, we find nothing in the judgment en-
tered which is in conflict with the terms of the separation agreement
involved, and which we have heretofore held to be a valid and enforce-
able contract between the parties thereto.

The judgment of the court below, in all respects, is
Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or
decision of this case.